*Subdivision 12.*—The offense described in subdivision 12 can be committed only with reference to a primary election, and not with reference to a general election which is provided for in section 766. People v. Foster (1908), 60 Misc. 3. It seems that an election officer failing to perform his duty under a constitutional statute is guilty of a violation of this section though his failure is coerced by a writ of an inferior court holding the statute unconstitutional. People v. McDonald, 52 N. Y. S. 898.

*Punishment.*—Prior to Laws of 1895, ch. 721, it was provided that a violation of this section should constitute a misdemeanor, and that act added the provision "punishable by imprisonment for not more than one year. It was *held* that the amendment did not apply to crimes theretofore committed and that such offenses might be punished under the pre-existing statute. People v. England (1895), 91 Hun, 152.

----

## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### July 2, 1920.

## THE PEOPLE v. JOSEPH LILYMELD.

(192 App. Div. 719.)

PRIMARY ELECTION—PENAL LAW, § 751, SUBD. 12—MAKING FALSE STATEMENT OF RESULT OF CANVASS OF BALLOTS AT ELECTION IN VIOLATION OF SUBDIVISION 12 OF SECTION 751 OF PENAL LAW—CHARGE—FAILURE TO CHARGE SPECIFICALLY AS TO DUTIES OF CHAIRMAN AND INSPECTORS ACTING AS BALLOT CLERKS.

On a prosecution for wilfully making a false statement of the result of a canvass at a primary election in violation of subdivision 12 of section 751 of the Penal Law, it was error for the court to refuse to charge specifically what were the duties under the law of the chairman and of the inspectors acting as ballot clerks, because of its bearing upon the wilful intent of the defendant in making the statement of the result of the canvass.

APPEAL by the defendant, Joseph Lilymeld, from a judgment of conviction, rendered in the Supreme Court, Extraordinary Trial Term, New York county, on the 19th day of April, 1918, convicting the defendant of wilfully making a false statement of the result of a canvass at a primary election held on Septem-

ber 19, 1917, in violation of subdivision 12 of section 751 of the Penal Law.

*Emil E. Fuchs,* of counsel (*Sanford H. Cohen* with him on the brief), for the appellant.

*Robert S. Johnstone, Assistant District Attorney,* of counsel (*Felix C. Benvenga* with him on the brief), *Edward Swann, District Attorney,* for the respondent.

SMITH, J.:

The questions presented in this case are substantially those presented in the case of People v. Luft (192 App. Div. 713), the decision of which is handed down herewith. The word " wilfully " was defined by the court substantially as it was defined in the Luft case, and, furthermore, the court refused to charge specifically what were the duties under the Election Law of the chairman and of those inspectors acting as ballot and poll clerks. The refusal to charge as to the specific provisions of that statute was, we think, material error by reason of its bearing upon the wilful intent of the defendant in making the statement of the result of the canvass.

The judgment should, therefore, be reversed and a new trial granted.

CLARKE, P. J., DOWLING and PAGE, JJ., concur.

Judgment reversed and new trial granted. Settle order on notice.